IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LANDMARK TECHNOLOGY, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AÉROPOSTALE, INC..<br>AUTOZONE, INC.,<br>CHICO'S FAS, INC.,<br>COACH, INC.,<br>DICK'S SPORTING GOODS, INC.,<br>THE FINISH LINE, INC.,<br>FOSSIL, INC.,<br>UNDER ARMOUR, INC.,<br>　　　　Defendants. | CASE NO.  6:09-cv-262<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Landmark Technology, LLC ("Landmark"), for its Complaint against Aéropostale, Inc., Autozone, Inc., Chico's FAS, Inc., Coach, Inc., Dick's Sporting Goods, Inc., The Finish Line, Inc., Fossil, Inc., Under Armour, Inc., (collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1.　This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 *et seq*.

2.　This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3.　This Court has personal jurisdiction over Defendants because Defendants have transacted and are transacting business in the Eastern District of Texas that includes, but is not limited to, the use of products and systems that practice the subject matter claimed in the patents involved in this action.

4.    Venue is proper in this district under 28 U.S.C. §1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendants have done business and committed infringing acts and continue to do business and to commit infringing acts.

## PARTIES

5.    Plaintiff Landmark Technology, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 3960 Howard Hughes Parkway, Suite 500, Las Vegas, Nevada 89169.  Plaintiff operates offices at    719 W. Front Street, Suite 157, Tyler, Texas, 75702.

6.    Plaintiff is informed and believes, and on that basis alleges, that Defendant Aéropostale, Inc. ("Aéropostale"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 112 West 34th Street, 22nd floor, New York, NY 10120.  Plaintiff is further informed and believes, and on that basis alleges, that Aéropostale is in the business of designing, manufacturing, marketing, selling and/or distributing clothing, apparel and accessories, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Aéropostale has done and continues to do business in this judicial district.

7.    Plaintiff is informed and believes, and on that basis alleges, that Defendant AutoZone, Inc. ("AutoZone"), is a corporation organized under the laws of the State of Nevada with its principal place of business at 123 South Front Street, Memphis, Tennessee 38103.  Plaintiff is further informed and believes, and on that basis alleges, that AutoZone is in the business of marketing, selling and/or distributing automotive parts and accessories, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, AutoZone has done and continues to do business in this judicial district.

8.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Chico's FAS, Inc., ("Chico's"), is a corporation organized under the laws of the State of Florida, with its principal place of business at 11215 Metro Parkway, Fort Myers, Florida 33966.  Plaintiff is further informed and believes, and on that basis alleges, that Chico's is in the business of designing, manufacturing, marketing, selling and/or distributing clothing, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Chico's has done and continues to do business in this judicial district.

9.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Coach, Inc. ("Coach"), is a corporation organized under the laws of the State of Maryland, with its principal place of business at 516 West 34th Street, New York, New York 10001.  Plaintiff is further informed and believes, and on that basis alleges, that Coach is in the business of designing, manufacturing, marketing, selling and/or distributing leather goods and other personal accessories, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Coach has done and continues to do business in this judicial district.

10.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Dick's Sporting Goods, Inc., ("Dick's"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 300 Industry Drive, RIDC Park West, Pittsburgh, Pennsylvania 15275.  Plaintiff is further informed and believes, and on that basis alleges, that Dick's is in the business of marketing, selling and/or distributing sporting goods, athletic apparel, and other products, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce.  Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Dick's has done and continues to do business in this judicial district.

11. Plaintiff is informed and believes, and on that basis alleges, that Defendant The Finish Line, Inc., ("Finish Line"), is a corporation organized under the laws of the State of Indiana, with its principal place of business at 3308 North Mitthoeffer Road, Indianapolis, Indiana 46235. Plaintiff is further informed and believes, and on that basis alleges, that Finish Line is in the business of marketing, selling and/or distributing sporting goods, athletic apparel, and other products, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Finish Line has done and continues to do business in this judicial district.

12. Plaintiff is informed and believes, and on that basis alleges, that Defendant Fossil, Inc., ("Fossil"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 2280 North Greenville Avenue, Richardson, Texas 75082. Plaintiff is further informed and believes, and on that basis alleges, that Fossil is in the business of designing, manufacturing, marketing, selling and/or distributing watches, and other personal accessories, apparel, and related products, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Fossil has done and continues to do business in this judicial district.

13. Plaintiff is informed and believes, and on that basis alleges, that Defendant Under Armour, Inc., ("Under Armour"), is a corporation organized under the laws of the State of Maryland with its principal place of business at 1020 Hull Street, Baltimore, Maryland 21230. Plaintiff is further informed and believes, and on that basis alleges, that Under Armour is in the business of designing, manufacturing, marketing, selling and/or distributing athletic shoes and other apparel, and derives a significant portion of its revenue from sales and distribution via Internet-based electronic commerce. Plaintiff is informed and believes, and on that basis alleges, that, at all times relevant hereto, Under Armour has done and continues to do business in this judicial district.

## FACTS

14. On November 19, 1996, United States Patent No. 5,576,951 entitled "Automated Sales and Services System" was duly and legally issued to Lawrence B. Lockwood ("Lockwood") as inventor. A true and correct copy of United States Patent No. 5,576,951 is attached hereto as Exhibit "A" and incorporated herein by this reference. Following a reexamination of Patent No. 5,576,951, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 5,576,951 C1, on January 29, 2008, confirming the validity of all ten (10) original claims and allowing twenty-two (22) additional claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 5,576,951 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference. (United States Patent No. 5,576,951, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 5,576,951 C1, shall hereinafter be referred to as the "'951 Patent.") On September 1, 2008, Lockwood licensed all rights in the '951 Patent to Plaintiff. Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '951 Patent, including all rights to enforce the '951 Patent and to recover for infringement. The '951 Patent is valid and in force.

15. On September 11, 2001, United States Patent No. 6,289,319 entitled "Automated Business and Financial Transaction Processing System" was duly and legally issued to Lawrence B. Lockwood as inventor. A true and correct copy of United States Patent No. 6,289,319 is attached hereto as Exhibit "C" and incorporated herein by this reference. Following a reexamination of Patent No. 6,289,319, the United States Patent and Trademark Office issued an Ex Parte Reexamination Certificate, Number US 6,289,319 C1, on July 17, 2007, confirming the validity of all six (6) original claims and allowing twenty-two (22) additional claims. A true and correct copy of Ex Parte Reexamination Certificate, Number US 6,289,319 C1 is attached hereto as Exhibit "D" and incorporated herein by this reference. (United States Patent No. 6,289,319, together with the additional claims allowed by Ex Parte Reexamination Certificate, Number US 6,289,319 C1, shall hereinafter be

referred to as the "319 Patent.")  On September 1, 2008,  Lockwood licensed all rights in the '319 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '319 Patent, including all rights to enforce the '319 Patent and to recover for infringement.  The '319 Patent is valid and in force.

16.     On March 7, 2006, United States Patent No. 7,010,508 entitled "Automated Multimedia Data Processing Network" (the "'508 Patent") was duly and legally issued to Lawrence B. Lockwood as inventor.  A true and correct copy of the '508 Patent is attached hereto as Exhibit "E" and incorporated herein by this reference.  On September 1, 2008, Lockwood licensed all rights in the '508 Patent to Plaintiff.  Plaintiff is the exclusive licensee of the entire right, title and interest in and to the '508 Patent, including all rights to enforce the '508 Patent and to recover for infringement.  The '508 Patent is valid and in force.

17.     Defendants have been and are now infringing the '951 Patent, the '319 Patent, and the '508 Patent, in this judicial district and elsewhere, by selling and distributing their products and services using electronic commerce systems, which, individually or in combination, incorporate and/or use subject matter claimed by the '951 Patent, the '319 Patent, and the '508 Patent.

## FIRST CLAIM FOR RELIEF

### (Direct Infringement of the '951 Patent, in Violation of 35 U.S.C. § 271(a))

### Against All Defendants

18.     Plaintiff refers to and incorporates herein by reference paragraphs 1-17.

19.     Defendants, by the acts complained of herein, and by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, have in the past and now continue to infringe the '951 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

20. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

21. By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

22. Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement is willful, wanton, and deliberate, without license and with full knowledge of the '951 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## SECOND CLAIM FOR RELIEF

**(Inducing and/or Contributing to the Infringement of the '951 Patent,**

**in Violation of 35 U.S.C. § 271(b)-(c))**

**Against All Defendants**

23. Plaintiff refers to and incorporates herein by reference the allegations of paragraphs 1-17.

24. Plaintiff is informed and believes, and on that basis alleges, that Defendants have actively and knowingly induced and/or contributed to the infringement of the '951 Patent, in violation of 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c), by inducing their customers to utilize their own and Defendants' systems, and incorporated and/or related systems, individually or in combination, in such a way as to infringe the '951 Patent and/or by selling or offering to sell within the United States, or importing into the United States, one or multiple component(s) of the invention, knowing the same to be especially made or adapted for use in the infringement of the patent.

25.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

26.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  Plaintiff does not have an adequate remedy at law.

27.     Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement is willful, wanton, and deliberate, without license and with full knowledge of the '951 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## THIRD CLAIM FOR RELIEF

### (Direct Infringement of the '319 Patent,

### in Violation of 35 U.S.C. § 271(a))

### Against All Defendants

28.     Plaintiff refers to and incorporates herein by reference paragraphs 1-17.

29.     Defendants, by the acts complained of herein, and by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, have in the past and now continue to infringe the '319 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

30.     Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

31.     By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

32. Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## FOURTH CLAIM FOR RELIEF

### (Inducing and/or Contributing to the Infringement of the '319 Patent, in Violation of 35 U.S.C. § 271(b)-(c))

### Against All Defendants

33. Plaintiff refers to and incorporates herein by reference the allegations of paragraphs 1-17.

34. Plaintiff is informed and believes, and on that basis alleges, that Defendants have actively and knowingly induced and/or contributed to the infringement of the '319 Patent, in violation of 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c), by inducing their customers to utilize their own and Defendants' systems, and incorporated and/or related systems, individually or in combination, in such a way as to infringe the '319 Patent and/or by selling or offering to sell within the United States, or importing into the United States, one or multiple component(s) of the invention, knowing the same to be especially made or adapted for use in the infringement of the patent.

35. By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

36. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. Plaintiff does not have an adequate remedy at law.

37. Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement is willful, wanton, and deliberate, without license and with full knowledge of the '319 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## FIFTH CLAIM FOR RELIEF

### (Direct Infringement of the '508 Patent,

### in Violation of 35 U.S.C. § 271(a))

### Against All Defendants

38. Plaintiff refers to and incorporates herein by reference paragraphs 1-17.

39. Defendants, by the acts complained of herein, and by making, using, selling, or offering for sale in the United States, including in the Eastern District of Texas, products and/or services embodying the invention, have in the past and now continue to infringe the '508 Patent, either literally or under the doctrine of equivalents, in violation of 35 U.S.C. § 271(a).

40. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiff does not have an adequate remedy at law to compensate it for the injuries threatened.

41. By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

42. Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement is willful, wanton, and deliberate, without license and with full knowledge of the '508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## SIXTH CLAIM FOR RELIEF

### (Inducing and/or Contributing to the Infringement of the '508 Patent, in Violation of 35 U.S.C. § 271(b)-(c))

### Against All Defendants

43. Plaintiff refers to and incorporates herein by reference the allegations of paragraphs 1-17.

44. Plaintiff is informed and believes, and on that basis alleges, that Defendants have actively and knowingly induced and/or contributed to the infringement of the '508 Patent, in violation of 35 U.S.C. § 271(b) and/or 35 U.S.C. § 271(c), by inducing their customers to utilize their own and Defendants' systems, and incorporated and/or related systems, individually or in combination, in such a way as to infringe the '508 Patent and/or by selling or offering to sell within the United States, or importing into the United States, one or multiple component(s) of the invention, knowing the same to be especially made or adapted for use in the infringement of the patent.

45. By reason of the acts of Defendants alleged herein, Plaintiff has suffered damage in an amount to be proved at trial.

46. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable damage. Plaintiff does not have an adequate remedy at law.

47. Plaintiff is informed and believes, and on that basis alleges, that Defendants' infringement is willful, wanton, and deliberate, without license and with full knowledge of the '508 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages.

## JURY DEMAND

48. Plaintiff demands a jury trial on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. For an order finding that the '951 Patent is valid and enforceable;

B. For an order finding that the '319 Patent is valid and enforceable;

C. For an order finding that the '508 Patent is valid and enforceable;

D. For an order finding that, by the acts complained of herein, Defendants have directly infringed, induced others to infringe, and/or have contributed to the infringement of the '951 Patent in violation of 35 U.S.C. § 271;

E. For an order finding that, by the acts complained of herein, Defendants have directly infringed, induced others to infringe, and/or have contributed to the infringement of the '319 Patent in violation of 35 U.S.C. § 271;

F. For an order finding that, by the acts complained of herein, Defendants have directly infringed, induced others to infringe, and/or have contributed to the infringement of the '508 Patent in violation of 35 U.S.C. § 271;

G. For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '951 Patent, from contributing to the infringement of the '951 Patent and from inducing others to infringe the '951 Patent;

H. For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '319 Patent, from contributing to the infringement of the '319 Patent and from inducing others to infringe the '319 Patent;

I. For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions,

branches, parents, attorneys, representatives, and all others acting in concert or privity with any of them, from infringing the '508 Patent, from contributing to the infringement of the '508 Patent and from inducing others to infringe the '508 Patent;

J.  For an order directing Defendants to deliver to Plaintiff for destruction or other disposition all infringing products and systems in their possession;

K.  For an order directing Defendants to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which Defendants have complied with the injunction;

L.  For an order awarding Plaintiff general and/or specific damages, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of patent infringement, and further for an order that such acts by Defendants were willful and wanton;

M.  For an order awarding Plaintiff all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

N.  For an order awarding Plaintiff pre-judgment and post-judgment interest; and

O.  For an order awarding Plaintiff such other and further relief as the Court may deem just and proper.

DATED: June 10, 2009

Respectfully Submitted,

**OF COUNSEL:**

By: */s/ Charles Ainsworth*

Jeffer, Mangels, Butler and Marmaro, LLP

    Stanley M. Gibson
    (Cal. Bar No. 162329)
    *smg@jmbm.com*

    Brian W. Kasell
    (Cal. Bar No. 143776)
    *bwk@jmbm.com*

    Joshua S. Hodas, Ph.D.
    (Cal. Bar No. 250812)
    *jsh@jmbm.com*

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

ATTORNEYS FOR PLAINTIFF,
LANDMARK TECHNOLOGY, LLC